UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICK KING, | CASE NO. C13-1220JLR |
| Plaintiff, | ORDER |
| v. | |
| O'REILLY AUTOMOTIVE STORES, INC., | |
| Defendant. | |

## I.     INTRODUCTION

Before the court are: (1) Defendant O'Reilly Automotive Stores, Inc.'s ("O'Reilly") motion for a protective order that testimony obtained at the August 5, 2013, perpetuation deposition of Plaintiff Rick King is not admissible in this proceeding (Mot. (Dkt. # 7)); and (2) Mr. King's cross motion for leave to conduct a perpetuation deposition of himself on August 5, 2013, prior to the parties' Federal Rule of Civil Procedure 26(f) conference (Cross Mot. (Dkt. # 10)). The court has reviewed the

ORDER- 1

motions, all submissions filed in support of or opposition to the motions, the applicable law, and the remainder of the record.  Being fully advised, the court DEFERS ruling on O'Reilly's motion for a protective order until such time as a party attempts to admit any portion of Mr. King's testimony from the perpetuation deposition as evidence at trial or otherwise.  The court DENIES as moot Mr. King's motion for leave to conduct the perpetuation deposition because the deposition has already taken place and because, even if it were not moot, Mr. King failed to lay a sufficient factual basis for the early conduct of his deposition.  The court further ORDERS that O'Reilly is entitled to depose Mr. King again during the ordinary course of discovery.  Finally, although the court has set a September 16, 2013, deadline for the parties to conduct a Rule 26(f) conference, the parties are not required to wait until that date to do so.  The court urges the parties to conduct their Rule 26(f) conference as soon as practicable so that formal discovery may begin.  *See* Fed. R. Civ. P. 26(d)(1) (prohibiting discovery before the parties have conferred as required by Rule 26(f) except under certain specified circumstances).[1]  The

---

[1] Mr. King sent a letter to the court, which was copied to opposing counsel, requesting the use of the court's procedure for a telephone motion pursuant to Local Rule LCR 7(i).  (*See* 8/2/13 Letter (Dkt. # 11).)  Local Rule 7(i) anticipates that counsel will request a telephonic motion by telephone and not by letter.  *See* Local Rules W.D. Wash. LCR 7(i) ("No request for a telephonic motion shall be considered unless all counsel participate in the call making the request, or unless it is represented by counsel making the call that reasonable efforts have been made to include all counsel in the call, and that such efforts were unavailing.").  In any event, there is no indication that Mr. King's counsel conferred with opposing counsel or even attempted to do so or informed opposing counsel of his request for a telephonic motion prior to sending his letter.  (*See* 8/2/13 Letter.)  O'Reilly expressly states its opposition to use of the court's procedure for a Local Rule LCR 7(i) telephonic motion.  (Reply (Dkt. # 15) at 1 ("No telephonic hearing as requested by Plaintiff is necessary.").)  In any event, "[w]hether . . . telephonic motions will be considered . . . [is] within the sole discretion of the court."  Local Rules W.D. Wash. LCR 7(i).  Here, the court declines to utilize the procedures set forth in Local Rule

ORDER- 2

court expects the parties to work cooperatively and expeditiously with respect to noting Mr. King's second deposition and with respect to any prior written discovery that may be necessary to lay the groundwork for Mr. King's deposition.

## II.   BACKGROUND

This action arises out of an alleged accident in which Mr. King fell from his wheel chair while rolling through a parking lot belonging to O'Reilly in Auburn, Washington. Mr. King originally filed a lawsuit against O'Reilly in state court with respect to his alleged injuries, but on July 11, 2013, O'Reilly removed the lawsuit to federal court. (Notice of Removal (Dkt. # 1).)

Mr. King is 79 years old and a paraplegic. At the time O'Reilly removed this action to federal court, Mr. King was a patient in the Veterans Administration hospital for conditions apparently unrelated to the injuries at issue in this lawsuit. Mr. King's counsel believed that Mr. King's health was fragile enough to warrant an early perpetuation deposition. (Cross Mot. at 2.) Despite counsel's belief, there is no medical evidence properly before the court establishing the fragility of Mr. King's health.[2] Counsel for the

---

LCR7(i) for a telephonic motion. Further, the court admonishes counsel to carefully review the federal rules and the court's local rules and to strictly adhere to them when practicing in the Western District of Washington.

[2] Further, there is scant lay testimony concerning the state of Mr. King's health and the need for a perpetuation deposition. First, one of Mr. King's declarations contains an obvious hearsay statement that "Mr. King advises that he is experiencing internal bleeding and requires an endoscopic proceeding." (8/2/13 Myers Decl. (Dkt. # 12) ¶ 3.) Second, Mr. King's counsel submits a copy of Mr. King's testimony from the disputed perpetuation deposition itself, which contains Mr. King's description of his own various medical conditions. (8/16/13 Myers Decl. (Dkt. # 17) ¶ 3, Ex. B at 3-4.) The court declines to consider evidence from the disputed deposition for purposes of a motion seeking a protective order with respect to the same

ORDER- 3

parties conferred about a possible early perpetuation deposition of Mr. King, but O'Reilly declined to consent to the deposition.  Despite its objections, O'Reilly agreed that the perpetuation deposition could be scheduled on August 5, 2013, and that its counsel would attend but without waiving any objections regarding the propriety of taking the deposition early.  (*See* 8/2/13 Myers Decl. (Dkt. # 12) Ex. 7.)  Accordingly, Mr. King served formal notice of the August 5, 2013, perpetuation deposition on July 29, 2013.  (*See* Mot. at 1; Cross Mot. at 3.)

On August 1, 2013, O'Reilly moved for a protective order with regard to use of the testimony from Mr. King's perpetuation deposition in this proceeding.  (*See generally* Mot.)  On August 2, 2013, Mr. King filed his response to O'Reilly's motion and a cross motion seeking the court's leave to conduct the already noted perpetuation deposition.  (*See generally* Cross Mot.)

The court issued its Order Regarding Initial Disclosures and Joint Status Report on August 1, 2013.  (8/1/13 Order (Dkt. # 6).)  In this order, the court set a deadline of September 16, 2013, for the parties to conduct a Rule 26(f) conference.  (*Id.* at 1.)  There is no indication in the record that the parties have conducted their Rule 26(f) conference to date.

On August 5, 2013, Mr. King's counsel conducted Mr. King's perpetuation deposition without receiving a prior ruling from the court on its motion for leave.

---

deposition or a cross motion seeking leave of court to take the disputed deposition in the first place.  Considering such evidence for purposes of the present motions would be placing the proverbial cart before the horse.

ORDER- 4

Counsel for O'Reilly attended the deposition, but without waiving O'Reilly's objections to use of the deposition in this proceeding. O'Reilly asserts that it was prejudiced because the deposition was conducted before it had received all of Mr. King's medical records, and with respect to other issues on which further discovery might better inform the conduct of the deposition. (*See* 8/15/13 Riley Decl. (Dkt. # 16) ¶ 3.)

### III.   ANALYSIS

O'Reilly relies primarily on Federal Rule of Civil Procedure 32(a)(5)(A) as grounds for excluding the deposition testimony. (*See* Mot. at 4-5, 7.) Rule 32(a)(5)(A) states that "[a] deposition must not be used against a party who, having received less than 14 days' notice of the deposition, promptly moved for a protective order under Rule 26(c)(1)(B) requesting that it not be taken or be taken at a different time or place—and this motion was still pending when the deposition was taken." Fed. R. Civ. P. 32(a)(5)(A). Rule 32(a)(5) is the only provision of the Federal Rules that affirmatively requires exclusion of a deposition taken on short notice. Because Mr. King did not serve formal notice of the August 5, 2013, deposition until July 29, 2013, and because O'Reilly had a pending motion for a protective order at the time the deposition was taken, O'Reilly asserts that Rule 30(a)(5)(A) prohibits use of Mr. King's perpetuation deposition against O'Reilly in this proceeding. (Mot. at 4-5, 7.)

The facts, however, are not as clear cut as O'Reilly asserts. O'Reilly's counsel agreed on July 17, 2013, that the deposition could take place on August 5, 2013—subject to O'Reilly's objections. (*See* 8/2/13 Myers Decl. Ex. 7.) O'Reilly's counsel was also informed that Mr. King would not send formal notice of deposition until after July 26,

2013, when Mr. King's counsel's assistant returned from vacation. (*See id.*) Under these circumstances, where O'Reilly's counsel agreed to the scheduling of a disputed deposition on a particular date and that agreement occurred more than fourteen days prior to the deposition, and where O'Reilly's counsel was informed that formal notice of the deposition would be served on less than fourteen days notice and did not object, the court finds that O'Reilly did have more than fourteen days' notice of the deposition—even if formal notice was sent less than fourteen days prior to the deposition. Accordingly, the court cannot conclude that the affirmative prohibition against using the deposition contained in Rule 32(a)(5)(A) applies here.

Irrespective of whether Rule 32(a)(5)(A) applies, Rule 26(d)(1) nevertheless states in relevant part that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order."[3] *See* Fed. R. Civ. P. 26(d)(1). The parties did not stipulate to the early perpetuation deposition. Further, Mr. King did not move for a court order authorizing the deposition prior to noting it; nor did he wait for a ruling on his motion prior to conducting the deposition. Thus, unless Mr. King can point to some other civil rule authorizing his early perpetuation deposition, Rule 26(d)(1) would appear to prohibit the conduct of the August 5, 2013, deposition.

---

[3] Rule 26(d)(1) also excepts certain types of proceedings listed in Rule 26(a)(1)(B). Fed. R. Civ. P. 26(d)(1). However, none of the proceedings listed in Rule 26(a)(1)(B) are applicable here. Fed. R. Civ. P. 26(a)(1)(B).

ORDER- 6

The rule Mr. King relies upon for justifying his early deposition is Federal Rule of Civil Procedure 30(a)(2). (*See* Cross Mot. at 4-5.) This rule provides in pertinent part:

> A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2):
>
> (A) if the parties have not stipulated to the deposition and . . . (iii) the party seeks to take the deposition before the time specified in Rule 26(d), unless the party certifies in the notice, with supporting facts, that the deponent is expected to leave the United States and be unavailable for examination in this country after that time . . . .

Fed. R. Civ. P. 30(a)(2)(A)(iii). The court agrees that this Rule ordinarily would be apply to the circumstances asserted by Mr. King counsel with respect to his client's health and the need for an early perpetuation deposition. There are two problems, however, with Mr. King's position. First, contrary to the requirements of Rule 30(a)(2), Mr. King did not seek leave of court prior to noting the deposition and did not wait for the court's ruling prior to conducting the deposition. Further, even if Mr. King's counsel had timely sought leave of court and waited for a ruling prior to conducting the deposition, Rule 30(a)(2)(A)(iii) requires that the basis for conducting the early deposition be "certified in the notice, with supporting facts." *Id.* The notice contains no such certification or supporting facts. (*See* 8/2/13 King Decl. Ex. 8.) In addition, as noted above, there is no medical evidence properly before the court supporting Mr. King's motion or verifying his fragile medical condition or the need for his early deposition. In order to lay a basis for Mr. King's early perpetuation deposition, his counsel should have filed a motion "supported by medical records or an affidavit from a doctor establishing the need to

ORDER- 7

depose [him] promptly for health reasons." *See Daniel v. Caesar*, No. 09-41-FJP-SCR, 2009 WL 801617, at *1 (M.D. La. Mar. 25, 2009).

Although the court is not required to exclude testimony from the deposition under Rule 32(a)(5)(A), the court must still decide how to treat this testimony in light of the fact that the deposition was improperly conducted prior to the parties' Rule 26(f) conference under Rule 26(d)(1). Although O'Reilly has demonstrated that it suffered prejudice as a result of the early timing of the deposition (*see* 8/15/13 Riley Decl. ¶ 3), the court will defer ruling on this issue until such time as one of the parties attempts to introduce a portion of the deposition at trial, for purposes of a dispositive motion, or otherwise. In the meantime, the court intends to allow O'Reilly to depose Mr. King a second time in the ordinary course of discovery in this matter. Any prejudice suffered by O'Reilly as a result of the early nature of Mr. King's perpetuation deposition may be alleviated by this opportunity for further deposition testimony. The court also instructs the parties to conduct their Rule 26(f) conference as quickly as is reasonably possible so that formal discovery may begin.[4] The court further directs the parties to work cooperatively and expeditiously with respect to the noting of Mr. King's second deposition and with respect to the conduct and production of any prior written discovery that may be necessary to lay the groundwork for Mr. King's second deposition.

//

//

---

[4] In any event, the conference must be held no later than September 16, 2013, pursuant to the court's August 1, 2013, order. (8/1/13 Order (Dkt. # 6) at 1.)

## IV. CONCLUSION

Based on the foregoing, the court DEFERS ruling on O'Reilly's motion for a protective order prohibiting the use of Mr. King's perpetuation deposition in this proceeding. The court DENIES Mr. King's motion for the early conduct of his deposition as moot and because, even if it were not moot, he failed to lay a sufficient factual basis justifying the early conduct of his deposition. Finally, the court DIRECTS the parties to work cooperatively and expeditiously with respect to discovery in this matter as detailed above.

Dated this 22nd day of August, 2013.

*[signature]*

JAMES L. ROBART
United States District Judge