UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICK KING,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>O'REILLY AUTOMOTIVE STORES, INC.,<br><br>　　　　　Defendant. | CASE NO. C13-1220JLR<br><br>ORDER CONDITIONALLY GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL |

## I.　INTRODUCTION

Before the court is Plaintiff Rick King's motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2). (Mot. (Dkt. # 19).) The court has reviewed the submissions of the parties, the governing law, and the balance of the record. Being fully advised, the court GRANTS Mr. King's motion to dismiss this action without prejudice, but only upon the condition that Mr. King agree to certain terms delineated in this order.

ORDER- 1

## II. BACKGROUND

This action arises out of an alleged accident in which Mr. King, who is paraplegic, fell from his wheelchair while rolling through a parking lot with uneven asphalt surrounding a metal grate. (Notice of Removal (Dkt. # 1) Ex. 1 (Compl.) ¶¶ 3.1-3.7.) Mr. King filed this action in King County Superior Court for the State of Washington on June 20, 2013, against Defendant O'Reilly Automotive Stores, Inc. ("O'Reilly"), the alleged owner of the parking lot. (*See id.* at ¶ 3.2.) O'Reilly removed the lawsuit to this court on July 11, 2013. (*See generally id.*)

Shortly after removal, Mr. King's counsel began to press O'Reilly for an immediate perpetuation deposition of Mr. King. (*See generally* Riley Decl. (Dkt. # 8).) On July 29, 2013, Mr. King's counsel sent a notice of deposition for Mr. King to O'Reilly's counsel. (Riley Decl. Ex. A.) O'Reilly moved for a protective order. (Mot. for P.O. (Dkt. # 7).) Before the court ruled on O'Reilly's motion for a protective order, Mr. King's counsel conducted the perpetuation deposition of his own client on August 5, 2013, with counsel for O'Reilly in attendance. (8/16/13 Myers Decl. (Dkt. # 17) Ex. B (attaching transcript of deposition).)

On August 22, 2013, the court issued an order with respect to O'Reilly's motion for a protective order. (*See generally* 8/22/13 Order (Dkt. # 18).) The court deferred ruling on O'Reilly's request to prohibit use of Mr. King's perpetuation deposition until such time as a party sought to introduce the testimony at trial, for purposes of a dispositive motion, or otherwise. (*Id.* at 8.) The court, however, found that Mr. King had sent notice of and taken the deposition in violation of the Federal Rules of Civil

Procedure.  (*See id.* at 6-8.)  Further, the court found that O'Reilly had demonstrated prejudice due to the early timing of the deposition.  (*Id.* at 8.)  As a result, the court ruled that O'Reilly would be permitted to take a second deposition of Mr. King in the ordinary course of discovery in hopes of alleviating the prejudice O'Reilly experienced.  (*Id.* at 8.)

Four days after receiving the order on O'Reilly's motion for a protective order, Mr. King filed for voluntary dismissal of the action under Rule 41(a)(2), citing uncertainty as to which adjoining property owners might be the proper defendant or defendants with respect to Mr. King's personal injury claim.  (*See generally* Mot.)  Mr. King asserts that there is some ambiguity about who owns the property upon which his accident occurred, and that the addition of defendants who control neighboring properties and who are citizens of this forum will likely preclude diversity jurisdiction or removal of the action from state to federal court if the suit is refiled in state court.  (*See id.*)  O'Reilly opposes Mr. King's motion for voluntary dismissal asserting that Mr. King is forum-shopping and that O'Reilly will suffer plain legal prejudice if the motion is granted.  (*See generally* Resp. (Dkt. # 24).)  Alternatively, if the court grants Mr. King's motion, O'Reilly seeks the imposition of certain conditions by the court.  (*Id.* at 5.)

### III.   ANALYSIS

Federal Rule of Civil Procedure 41(a)(2) states in pertinent part that, after a defendant serves an answer or a motion for summary judgment, and absent a stipulation by all parties who have appeared, "an action may be dismissed at the plaintiff's request, only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).  A motion for voluntary dismissal under Rule 41(a)(2) "is addressed to the sound

discretion of the District Court, and its order will not be reversed unless [it] has abused its discretion." *Hamilton v. Firestone Tire & Rubber Co.,* 679 F.2d 143, 145 (9th Cir. 1982). Nevertheless, "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches,* 263 F.3d 972, 975 (9th Cir. 2001) (footnote omitted); *see also Westlands Water Dist. v. Untied States,* 100 F.3d 94, 96 (9th Cir. 1996). Thus, the court must determine whether O'Reilly will suffer some plain legal prejudice as a result of the dismissal.

Legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." *Id.* at 97. Plain legal prejudice does not result simply because a suit remains unresolved, *id.*, the defendant faces the prospect of a second lawsuit, or the plaintiff stands to gain some tactical advantage, *Hamilton,* 679 F.2d at 145. The Ninth Circuit has specified that neither the fact that a defendant has incurred substantial expense, nor the fact that a defendant has begun trial preparations establishes legal prejudice warranting the denial of a motion under Rule 41(a)(2). *Id.* at 145-46.

O'Reilly asserts that the court should deny Mr. King's motion because it "is motivated by forum shopping." (Resp. at 3.) O'Reilly notes that Mr. King's motion was filed just days after the court issued an unfavorable discovery ruling against Mr. King and that Mr. King admits that "[d]ismissal will enable [him] to refile his case in state court where it was filed originally." (Mot. at 5.) First, although it is true that granting Mr. King's motion for voluntary dismissal may allow him to refile his action in state court in a form that would prevent removal to federal court, this prospect alone is insufficient to

establish legal prejudice. *See Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001) ("[T]he need to defend against state law claims in state court is not 'plain legal prejudice' arising from voluntary dismissal of the federal claims in the district court."); *see also Am. Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991) ("The possibility that plaintiffs may gain a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice especially when state law is involved.") (cited by the Ninth Circuit in *Westlands*, 100 F.3d at 97.)

O'Reilly also argues, however, that in addition to losing its federal forum, it will lose the benefit of the court's ruling with respect to Mr. King's perpetuation deposition if the court grants Mr. King's motion. (*See* Resp. at 5.) Plain legal prejudice, however, does not necessarily result from granting a voluntary dismissal that will allow a plaintiff to avoid a non-dispositive adverse ruling. *See Manshack v. Sw. Elec. Power Co.* 915 F.2d 172, 174 (5th Cir. 1990) (drawing a distinction between procedural rulings and rulings on the merits in voluntary dismissal motions); *Golden Valley Dairy, LLC v. Northwest Dairy Ass'n*, No. 10–cv–00069–EJL, 2010 WL 2620003, at *2 (D. Idaho June 24, 2010)("It is . . . clear that granting a voluntary dismissal in order to avoid a non-dispositive adverse ruling does not amount to plain legal prejudice."). Where courts have relied in part on an adverse discovery ruling to justify the denial of a Rule 41(a)(2) motion, there are typically other factors at play as well, such as the conduct of extensive discovery by the parties or an imminent trial date, that weigh in favor of denying the motion. *See, e.g.*, *Francis v. Ingles*, 1 Fed. App'x 152, 154 (4th Cir. 2001) (affirming district court's denial of Rule 41(a)(2) motion on grounds that extensive discovery had

ORDER- 5

occurred, the trial was one week away, the plaintiff lacked diligence in conducting discovery and had recently suffered an adverse discovery ruling). Here, the case is in its early stages, neither party has asserted that extensive discovery has been conducted, and the trial date is months away. Under these circumstances, the court cannot conclude that one adverse discovery ruling warrants denial of Mr. King's motion.

O'Reilly, nevertheless, proposes that if the court grants Mr. King's motion, it should condition its order upon Mr. King's agreement not to use his perpetuation deposition against O'Reilly in any other proceeding. (Resp. at 5.) Rule 42(a)(2) expressly authorizes the court to grant a motion for voluntary dismissal "on terms that the court considers proper." Fed. R. Civ. P. 42(a)(2); *see also U.S. ex rel., Sequoia Orange Co. v. Baird-Neece Packing Corp.*, 151 F.3d 1139, 1145 (9th Cir. 1988) (Rule 41(a)(2) "allows the court to grant a plaintiff's dismissal motion only with appropriate terms and conditions to protect the defendant from prejudice."). Although it is true that the court stated that O'Reilly had suffered prejudice as a result of the early timing of Mr. King's perpetuation deposition, the court deferred ruling on the how to treat Mr. King's perpetuation deposition testimony until such time as one of the parties sought to introduce it at trial, during motion practice, or otherwise. (*See* 8/22/13 Order at 8.) Thus, the court has not yet ruled on whether testimony from Mr. King's perpetuation deposition would be admissible for some purpose during the course of this proceeding. Rather, the court stated that any prejudice suffered by O'Reilly as a result of the early perpetuation deposition may be alleviated by allowing O'Reilly the opportunity to depose Mr. King a second time in the ordinary course of discovery. (*Id.*) Because the court had not yet

ruled that Mr. King's perpetuation deposition was inadmissible, it is unwilling to condition his dismissal upon his agreement not to use the perpetuation deposition in a later lawsuit. Instead, the court will condition Mr. King's dismissal upon his agreement not to object to O'Reilly noting and taking his deposition for a second time should Mr. King refile his action in another court. Such a condition would be consistent with the court's prior discovery ruling.

In addition, O'Reilly asks that the court condition any dismissal on Mr. King's agreement to reimburse O'Reilly for the $400.00 filing fee that O'Reilly paid to remove this action to federal court. (Resp. at 5.) Although the imposition of costs and fees is not a prerequisite to an order granting a voluntary dismissal, they "are often imposed upon a plaintiff who is granted voluntary dismissal under [Rule] 41(a)(2)." *Stevedoring Serv. of Am. v. Armilla Int'l B.V.,* 889 F.2d 919, 912 (9th Cir. 1989). Here, the court agrees that O'Reilly should not have to bear the filing cost it incurred in removal of this action where Mr. King seeks voluntary dismissal due at least in part to his failure to adequately research the possible involvement of other defendants prior to filing suit. (*See* Mot. at 2 ("[T]here is potentially a question about who owns, occupies and/or maintains the property where Mr. King's accident happened.").) Accordingly, the court will also require Mr. King to reimburse this cost to O'Reilly as a condition of granting his motion. *See. e.g.*, *Hailstock v. Home Depot U.S.A., Inc.*, No. DKC 11–1438, 2011 WL 3240484, at *3 (D. Md. July 27, 2011); *Sherman v. Mantle Oil & Gas, LLC*, No. 10–2774, 2011 WL 1226048, at *2 (E.D. La. Mar. 31, 2011).

//

## IV.    CONCLUSION

Based on the foregoing, the court GRANTS Mr. King's motion for a voluntary dismissal without prejudice (Dkt. # 19), but conditions any such dismissal on the following:

1)    If Mr. King refiles the same or a substantially similar lawsuit in any other court, Mr. King will not object to O'Reilly noting and taking his deposition for a second time on grounds that the parties have already conducted his perpetuation deposition;

2)    If Mr. King refiles the same or a substantially similar lawsuit, Mr. King shall reimburse O'Reilly for the $400.00 filing fee that O'Reilly was required to pay to remove this action from state court to federal court;

3)    Mr. King shall file a notice within seven days of the date of this order stating that he accedes to the court's conditions or stating that he will instead proceed with this case. *See, e.g., Chicano v. Monier, Inc.,* No. C06-5028FDB, 2007 WL 951761, at *3 (W.D. Wash. Mar. 27, 2007).  Mr. King, of course, has the option to refuse voluntary dismissal if he does not wish to accede to the court's conditions.  *See Lau v. Glendora Unified Sch. Dist.*, 792 F.2d 929, 930 (9th Cir. 1986).  If Mr. King states that he accedes to the court's conditions, then the court will enter an order dismissing this lawsuit without prejudice pursuant to Rule 41(a)(2).  If Mr. King declines to accede to the court's conditions, then this matter shall continue on the schedule the court previously implemented.  (*See* Sched. Ord. (Dkt. # 29).)

ORDER- 8

4) If dismissal without prejudice is entered, the court will retain jurisdiction over this lawsuit for the limited purpose of ensuring compliance with its conditions and hearing and ruling on any motions by the parties with respect to that issue only.[1]

Dated this 17th day of October, 2013.

JAMES L. ROBART
United States District Judge

---

[1] "When a plaintiff accepts a voluntary dismissal with conditions, does not attempt to withdraw the motion for dismissal, and yet refuses to comply with the conditions, it would . . . be proper to convert the dismissal from one without prejudice to one with prejudice." *See Lau*, 792 F.2d at 930, n.2.

ORDER- 9